Case No. 13-2214

# IN THE UNITED STATES COURT OF APPEALS FOR THE 6TH CIRCUIT

CARL WALLACE,,

      Plaintiff-Appellant,

v.

DIVERSIFIED CONSULTANTS, INC

      Defendant-Appellees.

On appeal from the United States District Court
for the Eastern District of Michigan

## APPELLANT'S BRIEF

Submitted by:

Brian P. Parker (P48617)
Attorneys for Appellant
30600 Telegraph Road, Ste. 1350
Bingham Farms, MI  48375
(248) 642-6268

i

# TABLE OF CONTENTS

Table of Authorities....................................................................... iv

Corporate Disclosure.................................................................... vi

Statement in Support of Oral Argument........................................ 1

Jurisdictional Statement............................................................... 2

      A. District Court........................................................... 2

      B. Appellate Court....................................................... 2

      C. Timeliness.............................................................. 2

      D. Finality of Order..................................................... 2

Statement of Issues...................................................................... 3

Statement of the Case.................................................................. 3

      I. Procedural History................................................... 3

      II. District Court Findings........................................... 3

Statement of Facts....................................................................... 4

      Diversified's Letter................................................... 6

Summary of Argument................................................................. 8

Standard of Review...................................................................... 9

Argument.................................................................................... 10

      IV. The FDCPA Statute is clear that a consumer has 30 days after
      receiving the validation notice to dispute or seek verification............. 10

V. The use of "of" by Diversified does not fulfill Congress's mandate that the debtor be given the full 30 days after receipt of the debt collection letter..................................................................................... 15

Conclusion.................................................................................... 26

## TABLE OF AUTHORITIES

**Cases**

15 U.S.C. § 1692(g) ................................................................................. 7

*Andreiu v. Ashcroft,* 253 F.3d 477, 480 (9th Cir.2001) (en banc) .......................... 11

*Ashcroft v. Iqbal,* --- U.S. ---, 129 S. Ct. 1937, 1950. 173 L. Ed. 2d 868 (2009) ..... 9

Avila v. Rubin, 84 F.3d 222, 226 (7th Cir.1996) ...................................................... 13

*Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001), ................ 9

Caprio v. Healthcare Revenue Recovery Group, LLC, 2013 WL 765169 (3rd Cir. 2013) ................................................................................................... 22

*Cavallaro v. The Law Office of Shapiro & Kreisman,* 933 F.Supp. 1148, 1154 (E.D.N.Y. 1996) ............................................................................. 15,22

*Chauncey v. JDR Recovery Corp.*,118 F.3d 516, 519 (7th Cir.1997) ............. 12, 13

*Cirkot v. Diversified Financial Systems, Inc.*, 839 F. Supp. 941 (D. Conn. 1993) .. 6

*Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006)6

*Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993) ....................................... 23

*Duffy v. Landberg (II)*, 215 F.3d 871 (8th Cir. 2000) .............................................. 5

*Dutton v. Wolhar,* 809 F.Supp. 1130, 1141 (D.Del.1992) ..................................... 23

*Frey v Gangwish*, 970 F. 2d 1516-Court of Appeals, 6th Circuit 1992 ................... 5

*Iqbal*, 129 S. Ct. at 1949 .......................................................................................... 9

*Jacobson v. Healthcare Financial Services, Inc.,* 516 F.3d 85, 93 (2d Cir. 2008) 11, 12

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th. Cir. 2007) ......................................................................................................... 9

*Philip v. Sardo & Batista, P.C.*, Civil Action No. 11-4773 16 (SRC), 2011 U.S. Dist. LEXIS 130267 .............................................................................. 14

*Russell v. Equifax A.R.S.,* 74 F.3d 30, 33-34 (2d Cir.1996) ..................... 5, 20,22,25

*Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983). 11

*Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) ........... 9

*Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ................... 10

*Stojanovski v. Strobel & Manoogian P.C.* ............................................................. 15

*Thomas v. Law Firm of Simpson & Cybak*, Slip Copy, 2006 WL 2037329, N.D. Ill., Jul 17, 2006 ...................................................................................... 5

*Williams v. Goldman & Steinberg, Inc.*, Slip Copy, 2006 WL 2053715, E.D.N.Y., Jul 21, 2006 ................................................................................................ 5

*Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000 ........................ 26

**Statutes**

§ 1692e(10) ......................................................................................................... 22

§ 1692g(a) ........................................................................................................... 10

§ 1692g(a)(3) ......................................................................................... 11, 14, 15, 27

§ 1692g(a)(4), (5) .......................................................................................... 11, 27

§ 1692g ............................................................................................................... 13

12 U.S.C. § 1291 ................................................................................................... 2

15 U.S.C. § 1692 *et seq* ...................................................................................... 3

15 U.S.C. § 1692(e) ............................................................................................. 4

15 U.S.C. § 1692e ............................................................................................... 5

15 U.S.C. § 1692k ........................................................................................... 5, 20

15 USC § 1692(e) ............................................................................................... 19

15 USC § 1692g ................................................................................................. 10

15 USC § 1692g(a)(3) ..................................................................................... 16, 20

28 U.S.C. § 1291 ................................................................................................... 2

**Rules**

Fed. R. App. P. 4(a)(1) ......................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 3

Fed. R. Civ. P. 12(c) ............................................................................................. 3

## CORPORATE DISCLOSURE FORM

Pursuant to 6th Cir. R. 26.1, Carl Wallace makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If yes, list below the identity of the parent corporation or affiliate and the relationship between it and the name party.

**ANSWER: NO**

2. Is there a publicly owned corporation, not a party to the appeal that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

**ANSWER: NO**

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Appellant requests oral argument.  This case affects Appellant and thousands similarly situated who may received a letter from the Appellee that sought to avoid the Congressional mandate to provide debtors 30 days to dispute or verify a debt under the FDCPA.  Appellant believes oral argument would be of value to the Court and the public at large.

# JURISDICTIONAL STATEMENT

## A.  District Court

Plaintiff-Appellant filed his original action in the federal court for the Eastern District of Michigan by Plaintiff-Appellant.  The matter stayed before the district court after a determination from the Court that Defendant Appellee had not violated the FDCPA.

## B.  Appellate Court

Jurisdiction in the Court of Appeals for the Sixth Circuit is appropriate pursuant to 12 U.S.C. § 1291.

## C.  Timeliness

The final judgment of the United States District Court for the Eastern District of Michigan was rendered on August 30, 2013.  (**R. #15, *Judgment Entry, Pg. ID #166**).  In accordance with Fed. R. App. P. 4(a)(1), Plaintiff-Appellant filed his timely Notice of Appeal on September 12, 2013.  (**R. #17, *Notice of Appeal, Pg. ID #172**).

## D.  Finality of Order

The ruling of the United States District Court for the Eastern District of Michigan on August 30, 2013 resolved all claims of all the parties and was therefore appealable.  28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1. Does a debt collector have a right to stray from the FDCPA in changing the instructions to debtors to dispute or verify an alleged debt such that the debtor loses days from the 30 days mandated by Congress?

## STATEMENT OF THE CASE

### I.    Procedural History

Plaintiff-Appellant Carl Wallace ("Wallace") originally filed this action on February 4, 2013 in the federal court for the Eastern District of Michigan as potential class action with Mr. Wallace as the Class Representative in a case seeking relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. Defendant filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  (**R. #10, *Motion for Judgment on Pleadings*, Pg. ID #41**) On August 30, 2012, the Court issued its opinion granting the Defendant's motion.  (**R. #15, *Opinion and Order, Pg. ID #166*).**

### II.    The District Court's Findings

The District Court issued its opinion on July 20, 2012.  Among the Court's findings were:

1. Diversified's use of "of" instead of the mandated Congressional language "after" creates confusion to the "least sophisticated consumer."

2. Whether a debt collection letter misleads the least sophisticated consumer is to be viewed upon the effect of the language on the recipient and Congressional mandate should not be ignored.

3. Neither grammar nor common sense (or Congressional mandate) provides anyone besides an FDCPA lawyer a reason to assume a material difference between "after" and "of." (**R. #15,** *Opinion and Order,* **Pg. ID #166)**.

## STATEMENT OF FACTS

**III.** **The FDCPA is a strict liability statute and Courts rely upon the lease sophisticated consumer standard to assess whether a particular conduct is a violation**

The Fair Debt Collection Practices Act (FDCPA) was enacted in 1977 in response to public perception of the use of unfair and abusive debt collection practices by many debt collectors. The statutory purpose of the act is set forth in 15 U.S.C. § 1692(e):

> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

To achieve this broad remedial purpose, the statute makes violators of its
provisions liable for actual damages, statutory damages, costs, and attorney's fees.
15 U.S.C. § 1692k. *Frey v Gangwish*, 970 F. 2d 1516-Court of Appeals, 6th Circuit
1992.

The FDCPA was designed "to eliminate abusive debt collection practices by
debt collectors, to insure that those debt collectors who refrain from using abusive
debt collection practices are not competitively disadvantaged, and to
promote consistent State action to protect consumers against debt collection
abuses." 15 U.S.C. § 1692e *Williams v. Goldman & Steinberg, Inc.*, Slip Copy,
 2006 WL 2053715, E.D.N.Y., Jul 21, 2006. "The FDCPA is designed to protect
consumers from unscrupulous collectors, regardless of the validity of the debt."
*Thomas v. Law Firm of Simpson & Cybak*, Slip Copy, 2006 WL 2037329, N.D.
Ill., Jul 17, 2006.

*There is no such thing as a "technical" violation of the Act. Duffy v.*
*Landberg (II)*, 215 F.3d 871 (8th Cir. 2000). The Act imposes strict liability unless
the debt collector can demonstrate that its violation was not intentional and
resulted from a bona fide error, notwithstanding the maintenance of procedures

5

reasonably adopted to avoid any such error. See 15 U.S.C. § 1692k©; *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33-34 (2d Cir.1996). ***FDCPA is a remedial statute to be liberally construed***, *Cirkot v. Diversified Financial Systems, Inc.*, 839 F. Supp. 941 (D. Conn. 1993); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006). The remedial nature of the FDCPA requires a court to construe it liberally.

Under the FDCPA, debt collectors must first communicate with a debtor through a dunning message or letter that explains the debtors right to dispute and/or validate the debt. This notice is commonly called the "mini Miranda" rule and was mandated by Congress to protect consumers from "abusive, deceptive, and unfair debt collection practices" including being forced to pay debts the collector has no proof the debtor owes. The FDCPA gives the consumer a 30 day window to dispute the debt or seek proof from the debt collector that it has the legal right to collect the debt. As with most Congressional mandates, the 30 days time limit under the FDCPA is a forward-looking event. Defendant Diversified has created ambiguity and uncertainty in the notice provision for Plaintiff and the class members in cannibalizing the forward-looking wishes of Congress and back-dating the time to dispute in its letter.

    *a. Diversified's letter*

Defendant Diversified first communicated with Plaintiff and the class members through a form letter that it uses nationwide. The letter sent to the Michigan residents states:

Dear:

This notice will serve to inform you that your delinquent account has been referred for collections to Diversified Consultants, Inc. Payment in full is due. If you are unable to pay the account in full, please contact our office to discuss any payment option that may be available.

Unless you notify this office within 30 days *of* receiving this notice that you dispute the validity of this debt or other portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any and all information obtained will be used for that purpose. This communication is from a debt collector. (emphasis added)

Sincerely,

Diversified Consultants, Inc. (**R. #13,** *Response to Motion to Dismiss, Exhibit 1,* *Diversified's letter*, **Pg. ID #81**).

A debt collector is required by §1692g to inform a consumer that she has 30 days to dispute the validity. Diversified's letter is crafted to back date the consumer's right to dispute the debt by shortening the required 30 days under 15

U.S.C. § 1692(g) and speeding up the time the debt collector can "assume this debt to be valid."

By eliminating a clear start date, Diversified is, in effect, curtailing the Michigan's class member's rights by reducing the number of days they have to dispute the debt verbally or through the mail. The use of the word "of" by Diversified instead of the mandate at § 1692g, is a violation of the FDCPA as it shortens the debtor's period of reflection that Congress granted debtors to curtail abusive, deceptive, and unfair debt collection practices.

## SUMMARY OF ARGUMENT

The District Court's decision should be reversed and Mr. Wallace's right to dispute or verify within the whole 30 days upheld.   The District Court did not adopt or repeat any of the arguments made by Defendant in its Summary Motion. . **(R. #10, *Motion for Judgment*, Pg. ID #41)** in the Opinion below.   The District Court felt inclined to avoid the "least sophisticated consumer standard" and, while recognizing that the replacement of "after" with "of" by Defendant was a choice of which should vie for "the evil glory of being accessory to more crimes against grammar than any other" word, the Court held the "evil" of "OF" did not cause distinct confusion and further ignored Diversified  intent in using an "evil" word when Congress granted it the easier course of just following the law.

## STANDARD OF REVIEW

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standard as motions to dismiss pursuant to Rule 12(b)(6)." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6ᵗʰ Cir. 2008). Courts "must construe the complaint in the light most favorable to plaintiff," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6ᵗʰ. Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" *id.*, and determine whether the "complaint states a plausible claim for relief[.]" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1950. 173 L. Ed. 2d 868 (2009). However, the plaintiff must provide the grounds for its entitlement to relief, *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6ᵗʰ Cir. 2001), and that "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555(2007). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. A plaintiff falls short if she pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." *Id.* at 1949, 195.

**ARGUMENT**

IV.    **The FDCPA Statue is clear that a consumer has 30 days *after* receiving the validation notice to dispute or seek verification.**

The FDCPA offers a mandatory guide to offer the required dispute notice to consumers:

**(a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days *after* receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 USC § 1692g - Validation of debts emphasis added to "after" and debt collector to show what is missing in the letter from Diversified

In order to comply with § 1692g(a), a debt collector "must 'effectively convey' the notice to the debtor." *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999). Section 1692g(a)(3) requires the validation notice to state

10

that the debtor may dispute the debt "within thirty days *after receipt of the notice*"

(emphasis added). Diversified's letter does not effectively convey the proper notice

to Michigan consumers by shortening the required 30 days and speeding up the

time the debt collector can "assume this debt to be valid."

A statute need not contain parallel language in all of its subsections in order

to be internally consistent. Rather, "[w]here Congress includes particular language

in one section of a statute but omits it in another section of the same Act, it is

generally presumed that Congress acts intentionally and purposely in the disparate

inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296,

78 L.Ed.2d 17 (1983) (internal citation and quotation marks omitted); see also

*Andreiu v. Ashcroft,* 253 F.3d 477, 480 (9th Cir.2001) (en banc).

Congress  intended to impose the word "after" in § 1692g(a)(3), as a

placeholder for subsequent subsections § 1692g(a)(4), (5). Without a starting point

that "after" brings in § 1692g(a)(3), there would be no starting point for the "within

the 30 days period" in § 1692g(a)(4), (5). Under the "of" interpretation of

Diversified, there is no starting point for any of those subsections and the 30 days

the consumer gets to validate the debt. The change of "after" with its antonym,

"of" eliminates a clear start date for the 30 days, thus curtailing the class member's

rights by reducing both the number of days to dispute the debt and also when the

30 days actually ends.

*a.* ***There are very few cases focusing on this particular issue under the FDCPA***

*Jacobson v. Healthcare Financial Services, Inc.,* 516 F.3d 85, 93 (2d Cir. 2008) specifically requires the validation notice to state that the debtor may dispute the debt "within thirty days *after receipt of the notice"* (emphasis added by the Jacobson court here*). **(R. #13, Motion Response, Jacobson case at Exhibit 2, Pg. #84)***. *Chauncey v. JDR Recovery Corp.,*118 F.3d 516, 519 (7th Cir.1997) held "if we were to hold that the validation request must be received by the thirtieth day, we would be rewriting Section 1692g, which we are not entitled to do." **(R. #13, Motion Response, Chauncey case at Exhibit 3, Pg. #93)**.

In *Jacobson v. Healthcare Financial Services, Inc.,* 516 F.3d 85, 93 (2d Cir. 2008) the debtor received a dunning letter from HFS demanding payment within 30 days or to otherwise notice the collector, HFS of a dispute. The Plaintiff filed a class action suit in the U.S. District Court for the Eastern District of New York, alleging various violations of the Fair Debt Collections Practices Act based upon the language of the letter. Jacobson claimed that HFS violated the FDCPA by 'divesting the consumer of his rights to dispute the debt for thirty days after receipt of the collection letter. HFS filed for dismissal and the District Court granted summary judgment to HFS.

On appeal and as a matter of first impression in the Second Circuit, the Court agreed with the Seventh Circuit and held "Section 1692g(a)(3) requires the

validation notice to state that the debtor may dispute the debt "within thirty days

*after receipt of the notice*" (emphasis added). *Jacobson at 93*. The aim of § 1692g

is to provide a period for the recipient of a collection letter to consider her options.

It is also to make the rights and obligations of a potentially hapless debtor as

pellucid (clear, easily understood) as possible. Given these goals, we cannot adopt

a construction of the Act that would not only shorten the debtor's period of

reflection, but also leave that debtor uncertain as to just when – given the vagaries

of the mails – she must, to be safe, send out a notice of dispute." *Jacobson at 95*.

The *Jacobson* Court found that the least sophisticated consumer (same

standard as the 6th Circuit) would be confused by the HFS letter because the

demand notice required that the consumer either make payment or dispute the debt

before the 30-day dispute period ran. In ruling against HFS for violating the statue,

the Second Circuit focused on the end date of the period to avoid "back dating."

To be valid, a debt validation notice must be effective, and it cannot be

cleverly couched in such a way as to eviscerate its message. *Avila v. Rubin, 84*

*F.3d 222, 226 (7th Cir.1996)*. The notice required by §1692g must tell the target

that she has 30 days to dispute the validity not that they have thirty days to get it to

the debt collector. In *Chauncey v. JDR Recovery Corp.,*118 F.3d 516, 519 (7th

Cir.1997) the Court held that a demand for payment "within thirty days" violates

Section 1692g of the FDCPA.   *Chauncey* held "if we were to hold that the

validation request must be received by the thirtieth day, we would be rewriting Section 1692g, which we are not entitled to do."  The *Jacobson* Court focused on the overshadowing and contradiction of the two time requirements to make a point regarding the "after" language.  The Court specifically held, Section 1692g(a)(3) requires the validation notice to state that the debtor may dispute the debt "within thirty days *after receipt of the notice" (emphasis added by the Jacobson court here).*

*Chauncey* also held that "[i]f we were to hold that the validation request must be received by the thirtieth day, we would be rewriting Section 1692g, which we are not entitled to do."  And Jacobson quoted *Swift* to bring the point home in stating, "[T]he notice states that payment must be received within the thirty day limit. Even the least-sophisticated consumer would calculate that payment must be mailed in advance of a deadline in order to be received by that deadline."

b. ***Defendant wrongfully focused on the back-dating case of Stojanovski to ignore how big of a change to the statute is made by eliminating the word "after"***

Though the District Court ignored Defendant's Brief in its Opinion, Diversified's Motion relied upon the outdated holding in *Stojanovski*. *(**R. #10, Motion for Judgment on the Pleadings , Pg. ID #41**). Stojanovski* is a back-dating case. As the Court should here with Diversified, *Philip v. Sardo & Batista, P.C.,* Civil Action No. 11-4773 16 (SRC), 2011 U.S. Dist. LEXIS 130267 held "The

letter at issue here unlawfully creates confusion as to what date would trigger the thirty day period since the unsophisticated, or even the sophisticated consumer may wonder whether a response is required within thirty days of the date of the collection letter (February 3, 2011); or as § 1692g(a)(3) specifically provides "within thirty days after receipt of the notice." *(R. #13, Motion Response, Philip case at Exhibit 7, Pg. ID #118).*

*Philip* cites *Stojanovski* as Diversified does in its Brief. However, the *Philip* Court recognizes how violative the *Stojanovski* holding is of the FDCPA holding against the Defendant's failure to eliminate the word "after. The *Philip* Court held "In support of this argument, Defendant cites to *Stojanovski v. Strobel & Manoogian P.C.*, where the court held that the notice limiting the period to dispute the debt from the date of notice rather than from the date of receipt was de minimis and did not amount to a violation of § 1692g(a)(3). *Stojanovski v. Strobel & Manoogian P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992). This Court declines to follow the holding in *Stojanovski*. By specifying that the debt must be disputed within thirty days  from the date of receipt of the notice, Congress has consciously protected against abusive tactics of debt collectors, such as the backdating of notices or other practices that might shorten debtors' time to respond. *See Cavallaro at* 1148.

Interestingly, similar to the Defendant in *Philip, Cavallaro v. The Law Office of Shapiro & Kreisman,* 933 F.Supp. 1148, 1154 (E.D.N.Y. 1996) holds that " a validation notice that " stated that Plaintiff should dispute the debt 'within thirty (30) days from the date of this notice' rather than, as mandatorily required by the statute, within 30 days of receipt of the notice" violated the statute." *Cavallaro,* 933 F.Supp. at 1154 (emphasis supplied).

## V.     The use of "of" by Diversified does not fulfill Congress's mandate that the debtor be given the full 30 days after receipt of the debt collection letter.

Deviating from the law with the use of "of" by Diversified makes no sense as a means to fulfill Congress's mandate that the debtor be given the full 30 days. Webster's Dictionary reveals that "of" and "after" are antonyms. Antonyms mean opposites, not alike, etc. The opposite of "after" which 15 USC § 1692g(a)(3) requires, is "of" which is in Diversified's letter. (**R. #13,** *Response to Motion to Dismiss, Exhibit 1, Diversified's letter, Pg. ID #81*).

Diversified's letter and illegal framing of the FDCPA is exactly the same as the *Jacobson* letter the court found violative of the FDCPA which explicitly required either payment, or a notice of dispute, to be *"received in HFS's office"* within thirty days.

Had the Diversified letter followed the FDCPA and properly framed the 30 day requirement, it should have required that that the *mailing* of the dispute or

16

payment be within 30 days, not that the dispute or payment *be received* within 30

days *of* receipt of the collection letter. This is why Congress placed the word

"after" as part of the mandatory validation notice requirements of the FDCPA.

### a. *Congress use of the word "after" in the FDCPA is no accident*

Congress creates numerous statutory provisions while recognizing the use of

the word "after" to provide a recipient the full amount of statutory time limits.

FRCP 12 states for example,

(a) Time to Serve a Responsive Pleading.

(1) *In General.* Unless another time is specified by this rule or a federal statute,
the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer:

(i) within 21 days *after* being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days *after*
the request for a waiver was sent, or within 90 days after it was sent to the
defendant outside any judicial district of the United States.

(B) A party must serve an answer to a counterclaim or crossclaim within 21
days *after* being served with the pleading that states the counterclaim or
crossclaim.

(C) A party must serve a reply to an answer within 21 days *after* being
served with an order to reply, unless the order specifies a different time.

A look at the commentary under Rule 26(a)(5) talks about what "next day"

means. In the comments, it states:

*Subdivision (a)(5).* New subdivision (a)(5) defines the "next" day for purposes of
subdivisions (a)(1)(C) and (a)(2)(C). The Federal Rules of Appellate

<u>Procedure</u> contain both forward-looking time periods and backward-looking time periods. A forward-looking time period requires something to be done within a period of time *after* an event. *See, e.g.,* Rule 4(a)(1)(A) (subject to certain exceptions, notice of appeal in a civil case must be filed "within 30 days after the judgment or order appealed from is entered").

Basically, Congress equates "next day" to time periods stating something

happens *after* an event. There is a federal mandate to grant a recipient the full

statutory time. FRCP 6 for example, states:

(a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:

(A) *exclude the day of the event that triggers the period;*

In fact, the Summons in this case states that "Within 21 days *after* service of

this summons on you (not counting the day you received it)" showing the

legislative desire that a time limit is to be honored and not shortened as Diversified

seeks to do. (**R. #13,** *Response to Motion to Dismiss, Exhibit 4, Case Summons,*

*Pg. #98*).

In the Opinion below, the District Court states, "No, of receiving" and "after

receiving" both mean "once receipt occurs. Judges know this, which is why they

often use "of" in the manner that Wallace says violates the FDCPA." (**R. #15,**

*Opinion and Order at pg.2-3,* **Pg. ID #166).**

18

However, the Court misses the very point Congress makes clearly in the Summons. In the FDCPA validation notice, it is not determined by what "Judges know." It is how it is received by the recipient of the letter. Even Congress knows this in providing a federal mandate to grant a recipient the full statutory time. The blue print in the Summons at Federal Rule 12 in this case for a response is "Within 21 days *after* service of this summons on you (not counting the day you received it)" showing the legislative desire that a time limit is to be honored and not shortened as Diversified seeks to do.

The Wallace Court came up with a billboard disease analogy that does not fit this case. In looking at how a person with a potential life threatening disease would seek help, the court said that it would not matter to a possible victim what was meant by "of" or "after" just that they would know to get to a doctor for a help. But the Court completely misses the point. The medium is what matters. Congress has required that a debt collector notify a debtor that they owe a debt to the collector. Congress does not require a debtor drive around in his car looking for problems. Congress, required the debt collector to act, not the victim or debtor.

Plaintiff attached numerous examples of dunning letters where the debt collector followed the law. *(R. #13, Motion Response, Collection Letters at Exhibit 7., Pg. # 118)*. The is no evidence that Defendant's change of the language was an accident or mistake. The purpose of the Act is to eliminate abusive debt

collection practices by *debt collectors*, 15 USC § 1692(e). The act does not require debtors to search for the rights as the Court's disease analogy requires. The Act imposes strict liability unless the debt collector can demonstrate that its violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error. See 15 U.S.C. § 1692k©; *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33-34 (2d Cir.1996).

### a. The opposite of the word "after" is "of."

Webster's Dictionary reveals that "of" and "after" are antonyms. Antonyms mean opposites, not alike, etc. (**R. #13, *Response to Motion to Dismiss, Exhibit 5, Webster's Definitions, Pg. #100***).  The opposite of "after" which 15 USC § 1692g(a)(3) requires, is "of" which is used in Diversified's letter, the use of which has no meaning other than to confuse the consumer and shorten the time limits available to debtors under the FDCPA. In creating the dunning letter with an improper notice time limit, Defendant uses a word directly opposite to the word that Congress requires. There does not appear to be a good reason to do this other than to benefit the debt collector and back-date the "mini-Miranda" rule.

The intent of Diversified in making this change is completely ignored by the District Court in its Opinion. The purpose of the Act is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Yet, the Court's Opinion ignored those protections and why Diversified did not follow the law.

Similar to the forward looking use of "AFTER" by Congress, according to Webster's dictionary, the Definition of the word *"AFTER" means* " following in time or place" http://www.merriam-webster.com/dictionary/after.

## Definition of *AFTER*

: following in time or place : <u>AFTERWARD</u>, <u>BEHIND</u>, <u>LATER</u> <we arrived shortly *after*> <returned 20 years *after*>

Under the FDCPA, a Michigan consumer has thirty days "after" they receive the letter, or thirty days following the receipt of the letter. Diversified's letter changes this to benefit the debt collector. Diversified tells the debtor, "Unless you dispute the validity of this debt, or any portion thereof within thirty (30) days *of* receipt of this letter, we will assume that the debt is valid." Under Webster's dictionary, the Definition of the word *"OF" means* "used as a function word to indicate a point of reckoning, "north *of* the lake." The Webster's definition of "of" states that:

"OF", meaning numerous things used in ways such as the third of July, this means belonging to July. But when Diversified says in its letter "thirty days *of* receipt," this indicates the position in time of an action or occurrence. Meaning

either earlier than, before receipt or until receipt.  http://www.merriam-webster.com/dictionary/of.

The intent of Diversified in making this change is completely ignored by the District Court in its Opinion. 15 USC § 1692(e) the purpose of the Act is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  The purpose of the FDCPA is to focus on the actions of the debt collector. Yet, the Court's Opinion ignored those protections and why Diversified did not follow the law.

By specifying that the debt must be disputed **within thirty days from** the date of **receipt** of the **notice**, Congress has consciously protected against abusive tactics of debt collectors, such as the backdating of notices or other practices that might shorten debtors' time to respond. See *Cavallaro v. Law Office of Shapiro & Kreisman,* 933 F. Supp. 1148, 1154 (E.D.N.Y. 1996). **Please see Exhibit 6**.

b. *The Diversified letter is false and deceptive under § 1692e(10)*

§ 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether particular conduct violates the FDCPA.

A collection letter is deceptive when "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Caprio v. Healthcare Revenue Recovery Group, LLC*, 2013 WL 765169 (3rd Cir. 2013) citing *Russell v. Equifax A.R.S.,74 F.3d 30, 35 (2d Cir. 1996))*. In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

Here, at least one interpretation of the Diversified letter leaves the least sophisticated consumer confused as to when the 30 days starts or ends. Diversified's crafting of this letter is no accident. The letter is purposely written to prevent consumers being able to exercise their rights under the FDCPA and miss their dispute deadline.

Courts have held that collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). *See Dutton v. Wolhar,* 809 F.Supp. 1130, 1141 (D.Del.1992) ("least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of collection notice); *Britton,* 1989 WL 148663, at *2, (deceptiveness of collection notices

"should be assessed in terms of the impression likely to be left on the unsophisticated consumer").

The 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Therefore, where a letter could be susceptible to more than one reasonable interpretation and one of these interpretations is inaccurate, there is a question of fact for the jury to decide.

### c. The Wallace Opinion

Better analogies than billboard diseases exist in the Federal Court rules. There is a Federal mandate to grant a recipient the full statutory time. FRCP 6 for example, states:

(a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:

(A) *exclude the day of the event that triggers the period*;

The *Wallace* Court ignored the Congressional mandate and the forgot that any review is from the eye of the least sophisticated consumer and not the college level course the Court requires in interpreting Diversified's actions.

The *Wallace* Court assaulted Wallace's allegations assertions that the use of the word "of" speeds up the time he has to respond as being vague. The use of the

24

word "of" as opposed to "after" in this letter serves no purpose except for to cause confusion. A forward-looking time period requires something to be done within a period of time *after* an event. *See, e.g.*, Rule 4(a)(1)(A) (subject to certain exceptions, notice of appeal in a civil case must be filed "within 30 days after the judgment or order appealed from is entered").

The court showed a bias against FDCPA claims and attorneys by continuing to define Wallace's complaint as silly, a work of fiction, with an unprofessional tongue and cheeky quote stating that "Neither grammar nor common sense (or Congressional mandate) provides anyone besides an FDCPA lawyer a reason to assume a material difference between "after" and "of." (**R. #15,** *Opinion and Order*, **Pg. #166**).

The Wallace Court finds the most important point as being the use of "operative prepositions" when the more important point is really Mr. Wallace's interpretation of the letter and whether it caused him confusion. The least sophisticated consumer knows how he feels and whether it causes confusion, not what the District court judge knows, "Judges' know." The Court requires a college professor's interpretation only and not that of the least sophisticated to prevail.

If the debt collection letter is reasonably susceptible to two or more meanings, and if one of them is inaccurate, then the letter is deceptive within the meaning of the FDCPA. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34-35 (2d Cir.

1996). With the use of the word "after" there is only one meaning. But when Diversified says in its letter "thirty days of receipt," this indicates the position in time of an action or occurrence. Meaning either earlier than, before receipt or until receipt. The bottom line is that "to comply with to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter – the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000).

Diversified has created ambiguity and uncertainty in the notice provision for Plaintiff and the class members in cannibalizing the forward-looking wishes of Congress and back-dating the time to dispute in its letter in violation of the FDCPA.

## VI.  **Conclusion**

Plaintiff has more than met his burden in overcoming this motion and providing proof of pleadings and documentation that Defendants violated the law with a communication letter that was false, deceptive, and misleading under 15 U.S.C. §1692e. Diversified is purposely back-dating its collection letter.

Where a letter like Diversified's could be susceptible to more than one reasonable interpretation and one of these interpretations is inaccurate, there is a question of fact for the jury to decide.

The *Jacobson* and *Chauncey* Court specifically held, Section 1692g(a)(3) requires the validation notice to state that the debtor may dispute the debt "within thirty days *after receipt of the notice" (emphasis added by the Jacobson court here).*

*Chauncey* also held that "[i]f we were to hold that the validation request must be received by the thirtieth day, we would be rewriting Section 1692g, which we are not entitled to do." And *Jacobson* quoted *Swift* to bring the point home in stating, "[T]he notice states that payment must be received within the thirty day limit. Even the least-sophisticated consumer would calculate that payment must be would calculate that payment must be mailed in advance of a deadline in order to be received by that deadline."

Diversified is seeking to back-date the response time of the consumer's dispute. The least sophisticated consumer now has to battle with different interpretations of when the 30 days starts and ends.

Congress intended to impose the word "after" in § 1692g(a)(3), as a placeholder for subsequent subsections § 1692g(a)(4), (5). Without a starting point that "after" brings in § 1692g(a)(3), there would be no starting point for the "within the 30 days period" in § 1692g(a)(4), (5). Under the "of" interpretation of Diversified, there is no starting point for any of those subsections and the 30 days the consumer gets to validate the debt.

Defendant Diversified created a letter that is purposely written to back-date the mandates of Federal law and it is Defendant's intent to re-write § 1692g(a)(3) and confuse Michigan consumers as to the when their min-Miranda rights begin and end. A collection letter like the one here could be susceptible to more than one reasonable interpretation and as one of these interpretations is inaccurate, there is a question of fact for the jury to decide

Appropriately, Plaintiff requests that this Court For the foregoing reasons, Conlin respectfully requests that this Court reverse the District Court's Opinion and Order, deny Defendant-Appellees' Motion to Dismiss, and remand the case for further proceedings.

Respectfully submitted,

LAW OFFICES OF BRIAN P. PARKER

s/ Brian P. Parker
BRIAN P. PARKER (P 48617)
Attorney for Appellant
30600 Telegraph Rd., Suite 1350
Bingham Farms, MI 48025
DATED: November 1, 2013          (248) 642-6268

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2013, I electronically filed the

foregoing Appellant's Brief with the Clerk of the Court using the CM/ECF system,

which will send a notification of such filing to counsel below and further by

sending a copy via first class mail to counsel at their respective addresses:


Olson Law Group
Charity A. Olson
106 E. Liberty, Ste. 303
Ann Arbor, MI 48104


                    Respectfully submitted,

                    LAW OFFICES OF BRIAN P. PARKER

Dated: November 1, 2013          s/Brian P. Parker
                    BRIAN P. PARKER (P48617)
                    Attorney for Conlin
                    30600 Telegraph Rd., Ste. 1350
                    Bingham Farms, MI 48025
                    Tel: (248) 642-6268
                    Fax: (248) 642-8875
                    brianparker@collectionstopper.com

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Description of Item | Record No. | ID No. | Filing Date |
| --- | --- | --- | --- |
| Motion for Judgment on Pleadings | 10 | 41 | 6/24/2013 |
| Amended Motion for Judgment | 11 | 46 | 6/25/2013 |
| Response to Motion for Judgment | 13 | 58 | 7/29/2013 |
|     Ex. 1—Diversified's Letter | 13 | 81 | 7/29/2013 |
|     Ex. 2—Jacobsen Case | 13 | 84 | 7/29/2013 |
|     Ex. 3—Chauncey Case | 13 | 93 | 7/29/2013 |
|     Ex. 4—Case Summons | 13 | 98 | 7/29/2013 |
|     Ex. 5—Webster's Definitions | 13 | 100 | 7/29/2013 |
|     Ex. 6—Cavallaro Case | 13 | 109 | 7/29/2013 |
|     Ex. 7—Philip case | 13 | 118 | 7/29/2013 |
| Opinion and Order Granting Motion | 15 | 166 | 8/30/2013 |
| Final Judgment | 16 | 171 | 8/30/2013 |
| Notice of Appeal | 17 | 172 | 9/12/2013 |